UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Juan S., <br><br>      Petitioner, <br><br> v. <br><br> Pamela Bondi, *Attorney General*, Kristi Noem, *Secretary, U.S. Department of Homeland Security*, Department of Homeland Security, Todd M. Lyons, *Acting Director of Immigration and Customs Enforcement*, Immigration and Customs Enforcement, David Easterwood, *Acting Director, St. Paul Field Office Immigration and Customs Enforcement*, and Ryan Shea, *Sheriff of Freeborn County*, <br><br>      Respondents. | File No. 25-CV-04199 (JMB/DJF) <br><br><br> **ORDER** |

David L. Wilson and Olivia Anderson-Petroske, Wilson Law Group, Minneapolis, MN, for Petitioner Francisco Juan Carlos Salgado-Garcia.

Ana H. Voss and David W. Fuller, United States Attorney's Office, Minneapolis, MN, for Respondents Pamela Bondi, Kristi Noem, Department of Homeland Security, Todd. M. Lyons, Immigration and Customs Enforcement, and David Easterwood.

David John Walker, Freeborn County Attorney's Office, Freeborn County Government Center, Albert Lea, MN, for Respondent Ryan Shea.

This matter is before the Court on Petitioner Juan S.'s Emergency Motion for a Temporary Restraining Order (TRO) against Respondents Pamela Bondi, Kristi Noem, Department of Homeland Security (DHS), Todd. M. Lyons, Immigration and Customs

1

Enforcement (ICE), David Easterwood, and Ryan Shea. (Doc. No. 7.) For the reasons explained below, the Court grants the motion in part.

## BACKGROUND

Petitioner is a native and citizen of Honduras who entered the United States without inspection more than six years ago and has resided in the United States ever since. (Doc. No. 1 ¶ 9.) On October 5, 2025, Respondents took Petitioner into custody, Petitioner has been at the Freeborn County Jail in Albert Lea since this time. (Doc. No. 7 at 1.) Immigrations and Customs Enforcement (ICE) is currently detaining Petitioner pursuant to mandatory detention provisions of 8 U.S.C. Section 1225(b)(2). (Doc. No. 1 ¶ 22.) Petitioner contends that his detention is unlawful and that he is entitled to a mandatory bond hearing under 8 U.S.C. Section 1226(a). (Doc. No. 7 at 1.)

On November 7, 2025, Petitioner filed a Temporary Restraining Order (TRO) (Doc. No. 7), naming Respondents. The TRO seeks the following relief: (1) an order restraining Respondents from attempting to move him from the State of Minnesota while this petition is pending; and (2) an order hold a bond hearing in accordance with 8 U.S.C. Section 1226(a) to determine Petitioner's ongoing custody. (Doc. No. 7 at 1.)

## DISCUSSION

The Court will grant the motion at this time to the extent Petitioner seeks to enjoin Respondents from removing him from this District.

When considering a motion for a TRO, courts consider the following four factors: "(1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the

probability that movant will succeed on the merits; and (4) the public interest." *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981); *see also Tumey v. Mycroft AI, Inc.*, 27 F.4th 657, 665 (8th Cir. 2022) ("[T]he standard for analyzing a motion for a temporary restraining order is the same as a motion for preliminary injunction."). No one factor is determinative and courts "flexibly weigh the case's particular circumstances to determine whether the balance of equities so favors the movant that justice requires the court to intervene." *Hubbard Feeds, Inc. v. Animal Feed Supplement, Inc.*, 182 F.3d 598, 601 (8th Cir. 1999) (quotation omitted). The central question is whether justice requires preserving the status quo until the merits are determined. *See Dataphase*, 640 F.2d at 113. The moving party bears the burden to establish these factors. *E.g.*, *Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003).

Here, the record before the Court at this time indicates that the factors weigh in favor of granting Petitioner's request to enjoin Respondents from removing him from this District. Given the uncertainty in these proceedings to date, justice requires keeping Petitioner in this District until the merits of his underlying habeas action can be determined. If Respondents transfer Petitioner out of this District, he will suffer irreparable harm: he may lose access to counsel, the Court may lose jurisdiction over the custodial Respondents, and Petitioner may no longer be able to participate in litigation. These are injuries that are concrete and imminent and that cannot be remedied after they occur. By comparison, there is no indication that Respondents will experience any harm from an order temporarily prohibiting his transfer out of the District. *Hoque v. Trump, et al.*, No. 25-CV-1576 (JWB/DTS), Doc. No. 15 (D. Minn. Apr. 22, 2025) (temporarily enjoining respondents

3

from transfer out of district while habeas petition was pending); *see also Nebraska v. Biden*, 52 F.4th 1044, 1047 (8th Cir. 2022) ("[T]he equities strongly favor an injunction considering the irreversible impact [the challenged agency] action would have as compared to the lack of harm an injunction would presently impose."). "Although access to effective counsel is not a constitutional right in a civil proceeding, the Court agrees that deprivation of access to retained counsel is plainly harmful to a litigant since it handicaps his ability to effectively present his case to the court." *Escalante v. Bondi*, No. 25-CV-3051 (ECT/DJF), 2025 WL 2212104, at *2 (D. Minn. July 31, 2025), *report and recommendation adopted O. E. v. Bondi*, 2025 WL 2235056 (D. Minn. Aug. 5, 2025). Preserving Petitioner's access to judicial review and preventing unlawful detention are compelling issues of public importance. Moreover, petitioner's arguments also raise a substantial question about the legality of the terms of his detention and his right to a bond hearing. Given how heavily the first three factors weigh Petitioner's favor, he has done enough to justify granting his motion insofar as he seeks an order preventing his removal from this District.[1]

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT Petitioner Juan S.'s Emergency Motion for a Temporary Restraining Order (Doc. No. 7) is GRANTED in part, as follows:

---

[1] The Court determines that a bond under Federal Rule of Civil Procedure 65(c) is not necessary because the TRO seeks to prevent constitutional deprivations and because Respondents face no identifiable risk of monetary loss. A bond is also not necessary because this matter is closely associated with important public interests. *See, e.g.*, *Richland/Wilkin Joint Powers Auth. v. U.S. Army Corps of Eng'rs*, 826 F.3d 1030, 1043 (8th Cir. 2016).

1. Respondents shall not remove, transfer, or otherwise facilitate the removal of Petitioner from the District of Minnesota.

2. No other person or agency shall remove, transfer, or otherwise facilitate the removal of Petitioner from the District of Minnesota on Respondent's behalf.

3. This Order is effectively immediately and shall expire fourteen days after the date of entry unless Petitioner shows good cause for its extension. In the event the Court determines that an extension of this fourteen-day period of time is necessary, the Court will set a briefing schedule by separate order.

4. By no later than 12:00 p.m. on November 10, 2025, Respondents shall also file a letter on CM/ECF indicating whether they will agree not to move Petitioner outside of the District of Minnesota pending the matter's resolution.

Dated: November 7, 2025

/s/ *Jeffrey M. Bryan*
Judge Jeffrey M. Bryan
United States District Court